UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EKATERINA OSSIPOVA, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PIONEER CREDIT RECOVERY, INC., and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, EKATERINA OSSIPOVA (hereinafter "Plaintiff") on behalf of herself and all others similarly situated (hereinafter "Plaintiffs") by and through her undersigned attorney, alleges against the above-named Defendant, Pioneer Credit Recovery, Inc., (hereinafter " PIONEER"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiffs brings this action for damages and declaratory and injunctive relief arising from PIONEER's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff, is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant PIONEER is a foreign limited liability company with its executive offices located at 26 Edward Street, Arcade, New York 14009.

8. Upon information and belief, PIONEER is primarily in the business of collecting debts allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

9. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10. Plaintiffs brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or

notices from PIONEER which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a statewide class action. The Class consists of:

> All New York County, consumers who were sent letters and/or notices from PIONEER concerning a debt owed to U.S. Department of Education, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.
>
> <u>The class definition may be subsequently modified or refined</u>.
>
> <u>The Class period begins one year to the filing of this Action</u>.

12. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

14. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from PIONEER that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendant violated various provisions of the FDCPA;

   b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of PIONEER 's wrongdoing and if so, what is the proper

        measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

17. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

18. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

19. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

20. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

21. PIONEER have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

22. Sometime prior to June 22, 2018, Plaintiff applied for a student loan for the benefit of his daughter, Chelsea Reizner from U.S. Department of Education (hereinafter "USDE").

23. The USDE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. The USDE obligation arose out of a transaction that for personal use.

25. The USDE obligation did not arise out of a transaction for commercial purposes.

26. The USDE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

28. On or before June 22, 2018, USDE placed and/or referred the alleged obligation with PIONEER for the purpose of collection.

29. On or about June 22, 2018, PIONEER caused to be mailed to Plaintiff a letter attempting to collect the alleged USDE obligation. A copy of said letter is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

30. The June 22, 2018, letter to Plaintiff stated in part; "Payment arrangements are available to reduce your debt by as much as 20%."

31. The June 22, 2018 letter stated in part:

| REFERENCE NO. | PRINCIPAL BAL. | INTEREST |
|---|---|---|
| Xxxxxxx816 | $63,108.56 | $15,860.30 |
|  | COLLECTION COST | CURRENT BALANCE |
|  | $19,221.03 | $98,189.89 |

32. The June 22, 2018, letter to Plaintiff also included a document itemizing the amount of money PIONEER was seeking to collect.

33. The document stated in part:

| Acct Num | Creditor | Principal | Int Rate | Interest | Collection Charge |
|---|---|---|---|---|---|
| Xxxxx60 | U.S. Dept ED | $33,100.32 | 8.5% | $8,317.82 | $10,081.18 |
| Xxxxx53 | U.S. Dept ED | $60,008.24 | 8.5% | $7,542.48 | $9,139.85 |

34. At all pertinent times hereto, PIONEER was collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. §1692a(5).

35. The June 22, 2018, letter sent to Plaintiff is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

36. Upon receipt, Plaintiff read the June 22, 2018, letter and the attached document.

37. The CURRENT BALANCE of $98.189.89 as stated in the June 22, 2018, letter to Plaintiff included a COLLECTION CHARGE in the amount of $19,189.89.

38. Plaintiff has never made a payment to PIONEER towards the Principal Balance(s) listed on the June 22, 2018, letter.

39. As of June 22, 2018, PIONEER never collected a monies from Plaintiff.

40. The collection cost of $19,221.03, represents the contingency fee agreement between PIONEER and USDE rather than a pre-paid, flat fee.

41. PIONEER is not entitled a fee for funds collected pursuant to a Treasury Offset.

42. At the time PIONEER sent the June 22, 2018, letter, Plaintiff did not owe USDE collection cost in the amount of $19,221.03.

43. At the time PIONEER sent the June 22, 2018, letter to Plaintiff, PIONEER had not billed USDE for collection costs in the amount $19,221.03, relative to the collection of the alleged debts.

44. At the time PIONEER sent the June 22, 2018, letter to Plaintiff, PIONEER had not charge USDE collection costs of $19,221.03, relative to the collection of the alleged debts.

45. At the time PIONEER sent the June 22, 2018, letter to Plaintiff, USDE had not paid collection costs to PIONEER in the amount of $19,221.03, relative to the collection of the alleged debts.

46. At the time PIONEER sent the June 22, 2018, letter to Plaintiff, USDE had not been awarded collection costs by any Court in any jurisdiction, relating to the alleged debts.

47. At the time PIONEER sent the June 22, 2018, letter to Plaintiff, PIONEER had not filed an action in any Court in any jurisdiction, related to the alleged debts.

48. Upon information and belief, members of the class have made payment of collection costs, which were not due and owing.

49. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, PIONEER sent collection letters attempting to collect debts to more than

40 consumers residing within the County of New York, State of New York similar to the letter annexed hereto as Exhibit A.

50. PIONEER actions as described herein are part of a pattern and practice used to collect consumer debts.

51. PIONEER could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### POLICIES AND PRACTICES COMPLAINED OF

52. It is PIONEER 's policy and practice to send written collection communications, in the form annexed hereto as Exhibit A, that violate the FDCPA, by *inter alia*:

   a. Failing to accurately state the amount of the alleged debt;

   b. Attempting to collect "COLLECTION CHARGE" when no such costs were due to PIONEER;

   c. Attempting to costs in amount greater than what was actually due;

   d. Using false, deceptive or misleading representations or means in connection with the collection of any debt;

   e. Depriving consumers of the their right to receive the necessary and accurate information as to the true amount of the alleged debt;

   f. Depriving consumers of the their right to receive the informational content as to amount of potential additional costs;

   g. Depriving consumers of the their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

h.     Causing consumers to suffer a risk of economic injury.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

53. Plaintiff repeats the allegations contained in paragraphs 1 through 52 as if the same were set forth at length herein.

54. Collection letters and/or notices such as those sent by PIONEER, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. PIONEER violated 15 U.S.C. § 1692 *et seq.* of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

56. PIONEER violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and other similarly situated.

57. By stating in its collection letter to Plaintiff and other similarly situated that stated a CURRENT BALANCE , which included COLLECTION CHARGES, when in fact if any collection cost are due at all, the amount of such costs is based on a percentage of the amount of the debt *collected* and not based on the amount referred for collections, PIONEER used false, deceptive, misleading  representations or means in connection with its attempts to collect the alleged debts from Plaintiff and other similarly situated, in violation of 15 U.S.C. § 1692e *et seq*.

58. By demanding an amount for COLLECTION CHARGES in its initial and to Plaintiff and other similarly situated when said collection costs were not yet, if at all, due PIONEER violated various provisions of the FDCPA, including but not limited to, 15

U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

59. By representing to Plaintiff and other similarly situated that an amount was due for COLLECTION CHARGES in its initial collection letters when such COLLECTION CHARGES were not yet, if at all, due pursuant to the underlying contracts or were not permitted by law, PIONEER violated various provision of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

60. PIONEER violated 15 U.S.C. § 1692e(2)(A) if the FDCPA by falsely representing the charter, amount or legal status of the alleged debt in its initial collection letters to Plaintiff and others similarly situated.

61. PIONEER violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and other similarly situated.

62. PIONEER violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

63. PIONEER violated 15 U.S.C. § 1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not expressly authorized by the agreement creating the alleged debt or by law.

64. Plaintiff suffered an informational injury due to PIONEER 's violation of 15 U.S.C. §1692 *et seq.*, of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from Plaintiff.

65. Plaintiff suffered a risk of economic injury due to PIONEER 's violation of 15 U.S.C. §1692 *et seq.*, of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Goldman, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Goldman to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g) Awarding pre-judgment interest and post-judgment interest; and

(h) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
November 26, 2018

/*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd. Street, 46th Floor
New York, New York 10165
(646) 459-7971 telephone
(646) 459-7971 facsimile
jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd. Street, 46th Floor
New York, New York 10165
(646) 459-7971 telephone
(646) 459-7971 facsimile
bwolf@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones

# Exhibit

# A

1803 Rocky River Road North
Monroe, NC 28110

06/22/2018

14C

EKATERINA OSSIPOVA

14119472

DO NOT SEND CASH.
MAKE CHECKS PAYABLE TO: U.S. DEPARTMENT OF EDUCATION. SHOW YOUR REFERENCE NUMBER ON YOUR CHECK. RETURN THIS PORTION WITH YOUR PAYMENT.

NATIONAL PAYMENT CENTER
P.O. Box 105028
Atlanta GA 30348-5028

| REFERENCE NO. | PRINCIPAL BAL. | INTEREST |
|---|---|---|
| 16 | $63,108.56 | $15,860.30 |
| | COLLECTION CHARGE | CURRENT BALANCE |
| | $19,221.03 | $98,189.89 |
| | AMOUNT PAID: | |

**Payment arrangements are available to reduce your debt by as much as 20%!**

Dear EKATERINA OSSIPOVA:

As you were previously notified, Pioneer Credit Recovery, Inc. has been assigned to collect the above mentioned debt. This letter is related to your defaulted student loan or grant overpayment debt held by the United States Department of Education (ED).

ED offers several repayment options that you may want to consider:

- **A payment arrangement that considers your income** may be available if you are having financial difficulty. You may qualify for a lower payment based on your income and family size.

- **An approved settlement arrangement** may reduce your collection charges up to 100% if you successfully pay off your debt. Settlement approvals are subject to ED standards based on your total balance due.

Documents may be requested to prove a financial hardship. An account representative can answer any questions and assist you in setting up automatic payments through your checking account or debit card.

To learn about your eligibility for these and other available repayment options, please call 1-888-287-0317 to speak with an account representative.

Pioneer Credit Recovery, Inc.
P.O. Box 349
Arcade, NY 14009
Toll free: 1-888-287-0317
*To pay by Debit card, please call*

This is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

**NOTE CHANGES ONLY**

FIRST NAME [ ] MI [ ]

LAST NAME [ ]

ADDRESS [ ]
[ ]

CITY [ ] HOME PHONE [ ]-[ ]-[ ]

STATE [ ] ZIP [ ] WORK PHONE [ ]-[ ]-[ ]

SEND PAYMENT TO:
NATIONAL PAYMENT CENTER
P.O. Box 105028
Atlanta GA 30348-5028

\* Please note the address (1803 Rocky River Road North Monroe, NC 28110) located in the left hand upper corner of this notice is used for processing undeliverable mail only. Please do not send correspondence or payments to that address. Please send all payments to National Payment Center, P.O. Box 105028, Atlanta, GA 30348-5028, all other correspondence needs to go to P.O. Box 349, Arcade, NY 14009.

Pioneer Credit Recovery, Inc. is located at 26 Edward Street Arcade, NY 14009.
Hours of Operation: EST/EDT
Mon-Thursday 8:00A.M. – 9:00P.M.
Friday 8:00A.M. – 7:00P.M.

As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, as well as late charges and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here. If the amount stated here is paid, an adjustment may be necessary after a payment is received. In that event, notification will occur of any adjustment in the balance. Before any payment intended to pay the balance in full happens, please contact Bryan Wiler at the address on this letter, or call 1-888-287-0317.

**Notice to City of New York residents:**
New York City Department of Consumer Affairs license numbers are:
Arcade, 1112250, Perry, 1245241, Moorestown, 1245220, and Horseheads, 1419938.

| Acct Num | Creditor | Principal | Int Rate | Interest | Collection Charge |
|---|---|---|---|---|---|
| ▓▓▓▓0160 | U.S. Department of Education | $33,100.32 | 8.5% | $8,317.62 | $10,081.18 |
| Original Creditor: | | | | | |
| ▓▓▓▓0153 | U.S. Department of Education | $30,008.24 | 8.5% | $7,542.48 | $9,139.85 |
| Original Creditor: | | | | | |